FILED ELECTRONICALLY

Bruce P. Keller (BK-9300)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

Attorneys for Beasley Broadcast Group

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FREEPLAY MUSIC INC., Plaintiff, -against- SPANISH BROADCASTING SYSTEM, INC., COX RADIO, INC., CUMULUS MEDIA, INC., SALEM COMMUNICATIONS CORPORATION, ENTERCOM COMMUNICATIONS CORP., BEASLEY BROADCAST GROUP, INC., CITADEL BROADCASTING CORPORATION, and VIACOM INC., Defendants. | 04 Civ. 5238 (GEL) |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY BEASLEY BROADCAST GROUP, INC. FOR LACK OF PERSONAL JURISDICTION**

The Complaint filed by Freeplay Music, Inc. ("Freeplay") fails to state a claim for the reasons explained in the Rule 12(b)(6) motion to dismiss submitted by Cox Radio, Inc., Cumulus Media, Inc., Entercom Communications Corp., Beasley Broadcast Group ("Beasley"), Citadel Broadcasting Corporation, and Viacom, Inc. In addition, Beasley, a Delaware corporation with its offices in Florida, submits this memorandum in support of its motion to dismiss the Complaint pursuant to Rule 12(b)(2), because personal

jurisdiction cannot properly be asserted over it. Beasley offered to provide Freeplay sworn declarations demonstrating the reasons why personal jurisdiction does not exist over it in New York in an effort to avoid unnecessary motion practice. Freeplay, however, declined this invitation, thereby necessitating this motion.

The allegations against Beasley fail for the independently dispositive reason that Beasley is subject to neither general nor long-arm jurisdiction under New York law. The only jurisdictional facts Freeplay alleges regarding Beasley are that (1) Beasley is a Delaware corporation with its principal place of business in Naples, Florida, Compl. ¶ 8, and (2) Beasley allegedly transmitted infringing radio broadcasts in Nevada, Pennsylvania, and Florida. *See* Compl. ¶ 19 and Ex. 6. That is not enough. For the reasons explained below, although paragraph 12 of the Complaint paraphrases language found in Sections 301 and 302 of New York's CPLR,[1] Freeplay cannot meet its burden of demonstrating that personal jurisdiction over Beasley is appropriate.

To begin, it is well-settled that conclusory jurisdictional allegations of the type asserted in paragraph 12 of the Complaint are inadequate. *See Janzini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir. 1998) ("conclusory statement" that was "but a restatement, with slight changes, of the legal standard" for personal jurisdiction was inadequate); *Plunkett v. Estate of Dame Jean Conan Doyle*, 99 Civ. 11006 (KMW), 2001

[1] The only specific jurisdictional allegations are that "[e]ach" of the defendants (1) is "doing business" in New York, (2) "transacted business (directly or through agents)" in New York, and (3) "committed wrongdoing" in New York. Compl. ¶ 12. These allegations correspond to §§ 301, 302(a)(1), and 302(a)(2), respectively.

U.S. Dist. LEXIS 2001, at *8 (S.D.N.Y. Feb. 22, 2001) (allegations that "repeat the statutory language," without a "factual basis," cannot defeat a 12(b)(2) motion made prior to discovery). Instead, a plaintiff must go further and, if it is possible consistent with Rule 11 obligations, "allege[ ] facts which if proved would support jurisdiction[.]" *See Mantello v. Hall*, 947 F. Supp. 92, 96 (S.D.N.Y. 1996); *Carroll v. Kahn*, 03 Civ. 0656 (TJM), 2003 U.S. Dist. LEXIS 17902, at *7 (N.D.N.Y. Oct. 9, 2003).

Here, even if proven, the only specific facts that Freeplay has alleged -- out-of-state radio broadcasts by a Delaware corporation whose headquarters are in Florida -- show that jurisdiction cannot exist. Compl. ¶¶ 8, 19 and Ex. 6. *See, e.g., Caroll*, 2003 U.S. Dist. LEXIS 17902, at *8 (showing allegedly infringing film in California does not give rise to jurisdiction in New York, although copyright owner suffered economic harm because it was in New York); *Mantello*, 947 F. Supp. 92 (S.D.N.Y. 1996) (performance of infringing work by Florida regional theater company did not give rise to jurisdiction in New York). Moreover, as the Declaration of Caroline Beasley shows, there are no additional facts that Freeplay truthfully could allege to support jurisdiction.[2]

For example, general jurisdiction over Beasley could exist under CPLR § 301 only if it was "engaged in such a continuous and systematic course of 'doing business' in New York as to warrant a finding of its presence in the state." *Janzini*, 148 F.3d at 184

2 Declaration of Caroline Beasley, sworn to October 12, 2004 ("Beasley Decl."). In considering this Rule 12(b)(2) motion, the court may consider the Beasley Declaration "without converting the motion into one for summary judgment under Rule 56." *Cable News Network, L.P.,Ll.L.L.P. v. GOSMS.COM, Inc.*, 99 Civ. 4812 (LMM), 2000 U.S. Dist. LEXIS 16156, at *3 n.1 (S.D.N.Y. Nov. 6, 2000).

(internal punctuation and citation omitted). Not only does Freeplay's Complaint contain no such allegations, but, moreover, Beasley does not have an office in New York, has no employees in New York, is not licensed to do business in New York, and does not solicit business in New York. Beasley Decl. ¶ 8.[3] Absent such facts, general jurisdiction cannot exist. *See Carrell v. Shubert Organization, Inc.*, 104 F. Supp. 2d 236, 268 (S.D.N.Y. 2000) (listing criteria).

Beasley's only New York contacts arise out of (1) its licenses with Broadcast Music, Inc. ("BMI") and the American Society of Composers, Artists, and Songwriters, and Composers ("ASCAP") and (2) Beasley's current $25 million stock buy-back, which is scheduled to be completed within the next year. In connection with the buy-back, Beasley has contracted with an investment bank in New York, Harris Nesbitt. Beasley Decl. ¶ 9. Beasley has also established a single account with Harris Nesbit for the limited purpose of effectuating the buy-back. *Id.*

These facts are not enough for general jurisdiction. Contracts "with entities that happen to have operations in New York" do not create general jurisdiction "because [they do] not show extensive conduct directed toward or occurring in New York." *Reers v. Deutsche Bahn AG*, 03 Civ. 5360 (MGC), 2004 U.S. Dist. LEXIS 9977, at *14-*15 (S.D.N.Y. June 3, 2004). For that reason, contacts much more extensive that Beasley's

---

[3] In addition, George Beasley (the Chairman and Chief Executive Officer of Beasley), Bruce Beasley (the President and Co-Chief Operating Officer of Beasley), and Caroline Beasley (the Vice President and Chief Financial Officer of Beasley) visit New York approximately four times a year to meet with investment bankers. Beasley Decl. ¶ 8.

relationship with Harris Nesbitt repeatedly have been held not to confer jurisdiction under section 301. *See Mantello v. Hall*, 947 F. Supp. at 92, 97 (visits to New York for the regular negotiation and execution of licenses to produce plays, along with payments to those agencies, did not constitute "doing business" in New York); *Jacobs v. Felix Bloch Erben Verlag fur Buhne Film und Funk KG*, 160 F. Supp. 2d 722, 732 (S.D.N.Y. 2001) (visits to New York to negotiate the rights to plays, cast and hire people for productions, and purchase supplies not sufficient to confer general jurisdiction); *Brought to Life Music, Inc. v. MCA Records, Inc.*, 02 Civ. 1164 (RWS), 2003 U.S. Dist. LEXIS 1967, at *10 (S.D.N.Y. Feb. 14, 2003) (production of musical recordings in New York, derivation of income from musical recordings nationally, including from New York, involvement in musical performances in New York, and co-publishing relationship with a New York entity not sufficient to confer general jurisdiction).[4]

Freeplay also appears to invoke long-arm jurisdiction under CPLR § 302(a)(1). *See* n. 1, *supra*. That provision requires (1) the non-domiciliary "in person or through an agent, transact[ ] business within the state or contract[ ] anywhere to supply goods or services in the state" ***and*** (2) that the "cause of action arise out of" that transaction. *Jacobs*, 160 F. Supp. 2d at 739 (jurisdiction under 302(a)(1) requires a "substantial nexus" between the New York transactions and the cause of action that must be "direct").

[4] Beasley's contract with Harris Nesbitt does not amount to the type of true principal/agent relationship that, in other contexts, might serve as a basis for general jurisdiction. Here, Harris Nesbitt performs "similar services for other clients," and is not primarily employed by Beasley. General jurisdiction cannot be based on such facts. *Jacobs*, 160 F. Supp. 2d at 737.

Freeplay's Complaint, however, alleges no such nexus, substantial or otherwise, and, as the Beasley Declaration makes clear, none exists. The stock buy-back is not connected in any way to the allegedly infringing broadcasts. Beasley Decl. ¶ 9. It is also well-settled that a license to perform a work, such as Beasley's licenses with BMI and ASCAP, does not confer jurisdiction under section 302(a)(1) unless the cause of action directly arises out of the performance of that license. *Mantello*, 947 F. Supp. at 100-01 (license to perform play did not satisfy nexus requirement where torts arose not out of the play but out of alleged copying of plaintiff's production of play). *See also Jacobs*, 160 F. Supp. 2d at 740 (no jurisdiction under 302(a)(1) where New York transactions did not directly relate to the allegedly infringing elements of the performance, but only to the performance generally). Here, there is no connection between the allegedly infringing broadcasts and Beasley's conduct under the license. Because Beasley's New York transactions have no relationship to the allegedly infringing acts (indeed, they are among the reasons there is no infringement), they cannot be the basis of jurisdiction under section 302(a)(1). *Id.*

Freeplay also parrots the language of section CPLR § 302(a)(2), which requires that the non-domiciliary "in person or through an agent, commit[ ] a tortious act within the state." Nowhere, however, does the Complaint allege that Beasley or any agent has committed any tort in New York. Instead, the Complaint, in paragraph 19 and Exhibit 6, specifically identifies the allegedly infringing acts as radio broadcasts that took place in Las Vegas, Nevada, Philadelphia, Pennsylvania, Naples, Florida, and Miami, Florida. In the copyright, Lanham Act, and unfair competition contexts, section 302(a)(2)

jurisdiction exists only when the allegedly infringing work is made available in New York. *Mantello*, 947 F. Supp. at, 101 (S.D.N.Y. 1996); *see also Capitol Records, Inc. v. Kuang DYI Co. of RM*, 03 Civ. 0520 (LAP), 2004 U.S. Dist. LEXIS 3305, at *3 (S.D.N.Y. Mar. 4, 2004).[5] Radio stations located in Nevada, Pennsylvania and Florida do not reach, and Freeplay has not alleged that their broadcasts have reached, New York. Accordingly, there is no basis for jurisdiction under CPLR § 302(a)(2).[6]

5 Similarly, unjust enrichment is deemed to take place where the underlying acts are committed. *Fashion Fragrance & Cosmetics v. Croddick*, 02 Civ. 6294 (WK), 2003 U.S. Dist. LEXIS 2220, at *18-*19 (S.D.N.Y. Feb. 13, 2003).

6 The exercise of jurisdiction over Beasley in this case also would violate due process because the overall relationship between Beasley and New York is extremely limited and there is no connection between Beasley's contacts with the forum and the subject matter of litigation. *Clerc v. Cantoni, Inc.*, 01 Civ. 2481 (RO), 2002 U.S. Dist. LEXIS 12402 (S.D.N.Y. July 10, 2002) (due process not satisfied where plaintiff had no factual basis to support conclusory jurisdictional allegations).

**CONCLUSION**

For the foregoing reasons, the Court should dismiss the Complaint as against Beasley.

Dated: New York, New York
October 15, 2004

DEBEVOISE & PLIMPTON LLP

By /s

Bruce P. Keller (BK-9300)
919 Third Avenue
New York, NY 10022
(212) 909-6000

Attorneys for Defendant Beasley Broadcast Group, Inc.

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Brought to Life Music, Inc. v. MCA Records, Inc.*
2003 U.S. Dist. LEXIS 1967 (S.D.N.Y. Feb. 14, 2003) ....................5

*Cable News Network, L.P., L.L.P. v. GOSMS.COM, Inc.*
2000 U.S. Dist. LEXIS 16156 (S.D.N.Y. Nov. 6, 2000) ....................3

*Capitol Records, Inc. v. Kuang DYI Co. of RM*
2004 U.S. Dist. LEXIS 3305 (S.D.N.Y. Mar. 4, 2004)....................7

*Carrell v. Shubert Organization, Inc.*
104 F. Supp. 2d 236 (S.D.N.Y. 2000)....................4

*Carroll v. Kahn*
2003 U.S. Dist. LEXIS 17902 (N.D.N.Y. Oct. 9, 2003)....................3

*Clerc v. Cantoni*, Inc.
2002 U.S. Dist. LEXIS 12402 (S.D.N.Y. July 10, 2002) ....................7

*Fashion Fragrance & Cosmetics v. Croddick*
U.S. Dist. LEXIS 2220 (S.D.N.Y. Feb. 13, 2003)....................7

*Jacobs v. Felix Bloch Erben Verlag fur Buhne Film und Funk KG*
160 F. Supp. 2d 722 (S.D.N.Y. 2001)....................5, 6

*Janzini v. Nissan Motor Co., Ltd.*
148 F.3d 181 (2d Cir. 1998)....................2, 3

*Mantello v. Hall*
947 F. Supp. 92 (S.D.N.Y. 1996)....................3, 5, 6, 7

*Plunkett v. Estate of Dame Jean Conan Doyle*,
2001 U.S. Dist. LEXIS 2001 (S.D.N.Y. Feb. 22, 2001) ....................2

*Reers v. Deutsche Bahn AG*,
2004 U.S. Dist. LEXIS 9977 (S.D.N.Y. June 3, 2004)....................4

### NEW YORK STATUTES

CPLR § 301 ....................2, 3, 5, 7

CPLR § 302(a)(1) ....................................................................................................2

CPLR § 302(a)(2) ....................................................................................................2, 6