UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

FREEPLAY MUSIC, INC.,

       Plaintiff,

 -v-

              04 Civ. 5238 (GEL)

COX RADIO, INC., CUMULUS MEDIA, INC.,
ENTERCOM COMMUNICATIONS CORP.,    **OPINION AND ORDER**
BEASLEY BROADCAST GROUP, INC.,
CITADEL BROADCASTING CORP.,
and VIACOM, INC.,

       Defendants.

----------------------------------------------------------------x

Gabriel Fischbarg, Toptani Law Offices,
New York, NY, for Plaintiff.

Bruce P. Keller, Debevoise & Plimpton LLP,
New York, NY, for Defendant Beasley Broadcast
Group, Inc.

GERARD E. LYNCH, District Judge:

  Plaintiff Freeplay Music, Inc., the owner of certain musical composition copyrights, has sued a number of radio broadcasters, including Beasley Broadcast Group, Inc., alleging violation of its copyrights. On June 23, 2005, this Court dismissed the complaint against Beasley for lack of personal jurisdiction, Freeplay Music, Inc. v. Cox Radio, Inc., No. 02 Civ. 5238 (GEL), 2005 WL 1500896 (S.D.N.Y. June 23, 2005), while denying motions to dismiss for failure to state a claim as to the remaining defendants, Freeplay Music, Inc. v. Cox Radio, Inc., No. 02 Civ. 5238 (GEL), 2005 WL 1500898 (S.D.N.Y. June 23, 2005). Freeplay filed a notice of appeal of the dismissal of its claim against Beasley on July 21, 2005. By letter of August 31, 2005, styled as a

"request for clarification" of the Court's Order, Freeplay now requests that the Court "indicate whether the Order is appealable at this time or whether the Order is appealable only upon the conclusion of the lawsuit against the five remaining defendants." (Letter from Gabriel Fischbarg, Esq., to the Court, dated August 31, 2005, at 1.) In effect, Freeplay asks the Court to direct immediate entry of judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, thus permitting an immediate appeal of what would otherwise be an unappealable interlocutory order. Simultaneously, Freeplay also requests "that the Court amend the Order to transfer the action against Beasley to the Middle District of Florida." (Id. at 2.) Freeplay does not indicate that these requests are in the alternative, or acknowledge any inconsistency between them. Beasley opposes both requests, arguing that the Court lacks jurisdiction to consider them and that they should be denied on the merits. (Letter from Bruce P. Keller, Esq., to the Court, dated September 6, 2005 ("Keller Letter").)

The application for entry of immediate judgment will be granted, and the application for transfer of the action will be denied.

## DISCUSSION

I. Jurisdiction

Beasley's argument that the Court lacks jurisdiction over Freeplay's requests is rooted in the fundamental rule that once an appeal is docketed, the District Court is divested of jurisdiction over the matter. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 59 (1982). This rule applies to Freeplay's request to transfer venue.

The Court's prior Order granted relief sought by Beasley, dismissing the complaint for lack of personal jurisdiction. Freeplay never moved for transfer of venue, or suggested in its

2

response to Beasley's motion that such a remedy would be more appropriate than dismissal, if the Court found that Beasley's motion had merit. By seeking this relief now, Freeplay asks the Court to withdraw the very Order that is on appeal, and substitute alternative relief – relief that would render the appeal moot, and that would in fact deprive the Court of Appeals of jurisdiction. See Fort Knox Music Inc. v. Baptiste, 257 F.3d 108, 109-11 (2d Cir. 2001) (explaining that a district court's sua sponte vacating of a judgment rendered it moot for appeal); Nascone v. Spudnuts, Inc., 735 F.2d 763, 766 (3d Cir. 1984) (holding that an order transferring action to different district was not appealable); Fischer v. First Nat'l Bank of Omaha, 466 F.2d 511, 511 (8th Cir. 1972) ("[A]n order by a district court transferring an action to another district court is an interlocutory order and is nonappealable."); Stelly v. Employers Nat'l Ins. Co., 431 F.2d 1251, 1252 (5th Cir. 1970) (holding that an "order of the district court [transferring venue] was interlocutory and that the appeal was properly dismissed"). See also 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3846 at 357 (2d ed. 1986) ("[W]hen a motion for transfer . . . [is] granted, the transferor court – and the appellate court that has jurisdiction over it – lose all jurisdiction over the case and may not proceed further with regard to it.").

As the Second Circuit has held, "[t]he divestiture of jurisdiction rule is, however, not a per se rule. It is a judicially crafted rule rooted in the interest of judicial economy . . . . Hence, its application is guided by concerns of efficiency and is not automatic." United States v. Rodgers, 101 F.3d 247, 251 (2d Cir. 1996). By filing a notice of appeal, Freeplay sought review in the Court of Appeals of this Court's decision that personal jurisdiction was lacking. Transferring jurisdiction to another district out of this Circuit under 28 U.S.C. § 1406 or 28

3

U.S.C. § 1631, which only apply if jurisdiction is lacking, would simultaneously assume the correctness of the order under appeal and frustrate appellate review.

The same considerations, however, do not apply to Freeplay's request for entry of an immediate judgment pursuant to Fed. R. Civ. P. 54(b). An order dismissing fewer than all defendants from a case for lack of personal jurisdiction is not an appealable order without a Rule 54(b) certification. Chapple v. Levinsky, 961 F.2d 372, 373-74 (2d Cir. 1992). Granting such certification, if otherwise appropriate, would facilitate, rather than frustrate, review in the Court of Appeals. Although it would have been more proper had Freeplay sought Rule 54(b) certification before seeking to file its notice of appeal, there is no apparent time limit on seeking such relief. Moreover, the "concerns of efficiency" underlying the divestiture rule would be hindered by essentially requiring that the Court of Appeals dismiss the appeal for lack of certification under Rule 54(b), that Freeplay then move for certification in this Court, and then, if certification were granted, that Freeplay file a new notice of appeal. Efficiency counsels immediate consideration by this Court of the application under Rule 54(b), in the expectation that, if granted, the Court of Appeals could proceed immediately to resolution of the merits of the appeal.

II.    Rule 54(b)

When a district court dismisses a complaint as to "fewer than all of the . . . parties," a final judgment as to that party should be entered "only upon an express determination that there is no just reason for delay." Fed. R. Civ. P. 54(b). The Second Circuit has held that such certifications "should be exercised sparingly," Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 16 (2d Cir. 1997) (internal quotations omitted), and are appropriate only where

they are in "the interest of sound judicial administration," Ginnett v. Computer Task Group, Inc., 962 F.2d 1085, 1092 (2d Cir. 1992).

That standard is met here. Freeplay's claims against Beasley are largely identical to those against the other defendants. While the factual underpinnings of those claims would have to be determined separately, the real issues dividing the plaintiff and defendants are questions of law. If Freeplay's case against Beasley is properly brought in this Court, a binding determination of those legal issues can be achieved in the same proceeding, without the risk of inconsistent results in two different courts. If Freeplay's position is ultimately sustained in the Court of Appeals, allowing an immediate appeal permits the case against Beasley to proceed along with those against the other broadcasters in this Court. Conversely, if this Court's ruling on jurisdiction is affirmed, Freeplay would learn this result promptly, and could then either seek a transfer of venue in this Court, if appropriate, or file a new action in a district which has jurisdiction over Beasley. Delaying resolution of the issue forces Freeplay to chose between deferring its claims against Beasley to be resolved at a much later date, either in this Court or in some other district, or withdrawing its appeal, acquiescing in this Court's decision on personal jurisdiction, and proceeding simultaneously in two courts. This would not be in the interest of efficiency or justice, as compared with presenting the Court of Appeals with a relatively straightforward judgment about whether Beasley's contacts with New York are sufficient to confer personal jurisdiction.

Nor would allowing an immediate appeal of the jurisdictional issue delay adjudication of the claims against the other defendants, as contended by Beasley. (Keller Letter at 2.) The jurisdictional issue is entirely distinct from the merits of those claims. Litigation of the claims

against the other defendants may proceed apace. Although separate discovery as to Beasley will have to proceed if this Court's judgment is reversed, resolution of the legal issues in the case may well be largely determinative of Beasley's interests if the case is returned to this Court. Accordingly, Freeplay's request for immediate entry of judgment dismissing its claims against Beasley will be granted.

## CONCLUSION

For the reasons stated above, the Court finds that there is no just reason for delay, and grants Freeplay's request that the Court direct immediate entry of judgment dismissing its claims against Beasley for lack of personal jurisdiction. Freeplay's request that the Court amend its dismissal of the action to transfer the matter to the Middle District of Florida is denied for lack of jurisdiction.

SO ORDERED.

Dated: New York, New York
       October 4, 2005

_____
GERARD E. LYNCH
United States District Judge